UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 10-23223-CIV-GRAHAM/GOODMAN

ROLDAN CARDONA RODRIGUEZ,
et al.,

    Plaintiffs,

vs.

MARBLE CARE, INT'L, INC.,
ROBERT SEGUROLA,

    Defendants.
_____/

## ORDER DENYING REQUEST FOR EVIDENTIARY HEARING

This cause comes before the Court upon Notice of Plaintiffs' Counsels' Request for an Evidentiary Hearing. [ECF No. 104]. The Court has reviewed the request, Defendants' two responses, and Plaintiffs' counsel's reply (which was entitled "notice"). [ECF Nos. 105; 109; 112]. For the reasons below, Plaintiffs' counsels' request for an evidentiary hearing is **DENIED**.

### I.  Discussion

On May 17, 2011, Defendants filed a motion for sanctions and attorneys fees against Plaintiffs and their counsel, alleging that they filed and maintained a frivolous lawsuit. [ECF No. 79]. In the motion, Defendants specifically disclaimed the need for a hearing, noting that they "do not request a hearing to be held on this motion." [ECF No. 79, p. 1 n.1]. Plaintiffs and their counsel responded on May 23, 2011 with a detailed, seventeen-page memorandum in opposition. [ECF No. 80]. Nowhere in that lengthy memorandum did Plaintiffs or their counsel request an evidentiary hearing on Defendants' motion. Plaintiffs and their counsel also did not file a

Case No. 10-23223-CIV-GRAHAM/GOODMAN

separate motion requesting an evidentiary hearing on the motion. [*See also* ECF No. 104 (containing acknowledgment by Plaintiffs' counsel that no evidentiary hearing was requested prior to the issuance of the Undersigned's report and recommendations on Defendants' motion). In fact, Plaintiffs did not request any type of hearing at all, evidentiary or otherwise.

The practical effect of not responding to Defendants' disclaimer of a hearing was to acquiesce in the disclaimer. *Cf.* S.D. Fla. L. R. 7.1(c) (providing that failure to respond to a motion may be grounds for the court to grant the motion by default); S.D. Fla. L. R. 7.1(b)(2) ("A party who desires oral argument or a hearing of any motion shall request it in writing by separate request accompanying the motion or opposing memorandum. The request shall set forth in detail the reasons why a hearing is desired and would be helpful to the Court and shall estimate the time required for argument").

It was only *after* the Undersigned issued a twenty-nine page report and recommendations, recommending that the District Court require Plaintiffs' counsel to pay some of the attorneys fees requested in Defendants' motion, did Plaintiffs' counsel first request an evidentiary hearing. [ECF No. 90, p. 17 (containing request for evidentiary hearing before Judge Graham on Plaintiffs' counsels' objections to the report and recommendations)]. Plaintiffs' counsel's strategy appears to have been to wait and see if the report and recommendations were favorable and, if not, to then request what would be, in effect, another bite at the apple. Presumably, had the report and recommendations not been adverse to Plaintiffs' counsel, then Plaintiffs' counsel would never have found it necessary to belatedly request an after-the-magistrate-judge-issues-the Report evidentiary hearing.

Case No. 10-23223-CIV-GRAHAM/GOODMAN

On February 6, 2012, the District Court entered an order of referral directing the Undersigned to issue an amended report and recommendation, analyzing both the original attorneys fees/sanctions motion [ECF No. 79] *and* Defendants' post-report and recommendations supplemental attorneys fees requests [ECF Nos. 89; 97] for work performed after the filing of the original motion. [ECF No. 100]. As a result, on February 8, 2012, the Undersigned ordered Plaintiffs' counsel to file a response to the two supplemental attorneys fees requests by February 14, 2012. [ECF No. 103]. Plaintiffs' counsel thereafter on February 8, 2012 filed a request for an evidentiary hearing. [ECF No. 104].

Plaintiffs' counsel's request for an evidentiary hearing is barebones and cites no case law specifically entitling counsel to such a hearing. Defendants responded in opposition on February 9, 2012. [ECF No. 105]. Defendants take the position that the supplemental requests can be decided on the available record and that Plaintiffs' counsel is not entitled to an evidentiary hearing because counsel previously did not request one. Subsequently, the Undersigned entered an endorsed order on Plaintiffs' counsel's separate motion requesting an extension of the February 14, 2012 response deadline. [ECF No. 108]. In pertinent part, that endorsed order limited the issues to be briefed at this stage solely to the supplemental fee requests and noted that if Plaintiffs' counsel desired to re-litigate the underlying fees motion, then counsel would have to do so in objections before U.S. District Judge Donald L. Graham.

On February 10, 2012, Plaintiffs' counsel filed a reply in support of their request for an evidentiary hearing. [ECF No. 109]. Plaintiffs' counsel therein clarified that the request was for an evidentiary hearing on both the underlying motion and the supplemental fees requests. But Plaintiffs' counsel conceded that, if the scope of the hearing were to be limited to only the

Case No. 10-23223-CIV-GRAHAM/GOODMAN

supplemental fee requests, then an evidentiary hearing "would not be necessary." [*Id.* at p. 2]. Defendants thereafter filed another response in which they agreed with Plaintiffs' statement that an evidentiary hearing would be unnecessary at this point if it were solely limited to the supplemental fee requests. [ECF No. 112].

Based upon the above facts and procedural history, the Undersigned **DENIES** Plaintiffs' counsels' request for an evidentiary hearing. Neither Plaintiffs nor their counsel requested an evidentiary hearing on the underlying attorneys/fees sanctions motion until the Undersigned issued a report and recommendation which is adverse to their interests. Moreover, they failed to request an evidentiary hearing *despite* the fact that Defendants clearly argued in their initial motion that there was no need for a hearing. Under these circumstances, the Undersigned concludes that an evidentiary hearing is unwarranted. *See Murray v. Playmaker Servs.*, LLP, 325 F. App'x 873, 874 (11th Cir. 2009) (affirming fees award against plaintiff's counsel in FLSA case and noting that it would not consider argument that the district court should have held an evidentiary hearing because the argument was not made to the district court).

The sole issues remaining are therefore any objections to Defendants' supplemental fee requests. Should Plaintiffs' counsel have any objections to the supplemental fee requests, then counsel must file them by the February 14, 2012 deadline established in my previous endorsed order. Defendants may, of course, file a reply to any objections, if they chose, by February 17, 2012.

Case No. 10-23223-CIV-GRAHAM/GOODMAN

## II. Conclusion

Plaintiffs' counsels' request for an evidentiary hearing is **DENIED**. The parties must abide by the deadlines set in [ECF No. 103] my previous endorsed order if they intend to file any responses or replies concerning Defendants' two supplemental fee requests.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 11th day of February 2012.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies provided to**:

The Honorable Donald L. Graham

Counsel of Record